**MARYLAND PEOPLE'S COUNSEL**

v.

**FEDERAL ENERGY REGULATORY COMMISSION.**

No. 84-1090.

United States Court of Appeals, District of Columbia Circuit.

June 28, 1985.

Before MIKVA, GINSBURG and SCALIA, Circuit Judges.

## ORDER

Upon consideration of the petitions of the Federal Energy Regulatory Commission and Associated Gas Distributors for further stay of the mandate, it is

ORDERED, by the Court, that the motions are granted for the reasons and on the terms stated in the attached PER CURIAM memorandum.

PER CURIAM:

Our recent opinion in the above-titled case instructed vacation of certain Federal Energy Regulatory Commission (Commission) orders "to the extent that they allow[ed] transportation of direct-sale gas to [low-priority] fuel-switchable end users without requiring pipelines to furnish the same service to LDCs and captive consumers on nondiscriminatory terms." *Maryland People's Counsel v. FERC*, 761 F.2d 780, 789 (D.C.Cir.1985) (*MPC II*). We also remanded the matter to the Commission for further consideration in light of our opinion.

The Commission and various intervenors now request that we suspend the effective date of our mandate, which would otherwise issue on July 1. They explain that on June 7, the Commission published a Notice of Proposed Rulemaking, 50 Fed.Reg. 24,-130 (1985), that directly addresses the court's concerns in *MPC II*; they also assert that immediate termination of the blanket certificate transportation programs at issue, before the Commission has had an opportunity to restructure the programs along the nondiscriminatory lines contemplated by the Notice of Proposed Rulemaking, would substantially disrupt ongoing arrangements to the detriment of the gas industry and captive consumers and fuel-switchable end users alike. They therefore ask that we stay our mandate "until the earlier of (1) an effective date of a final rule [resulting from the Notice of Proposed Rulemaking], or (2) ... October 31, 1985." 50 Fed.Reg. 25,701 (1985) (interim extension of blanket certificate program). Maryland People's Counsel, the original petitioner in this case, does not object to the proposed stay, provided that it is secured against use as a wedge for an even longer period of tolerance for discriminatory transportation programs.

In light of the foregoing, we hereby stay our mandate until (1) the effective date of a final rule in the Commission's Docket No. RM85-1-000, or (2) October 31, 1985, whichever comes first. The Commission and other interested parties are advised that the mandate will issue promptly on the new deadline, "and no [further] extensions [will] be countenanced." Response of Petitioner Maryland People's Counsel to Petition of Respondent for Stay of the Mandate at 3.

*It is so ordered.*